Good morning, Your Honors. May it please the Court, William Long on behalf of Appellant and Respondent, South Coast Air Quality Management District. This case rises or falls on whether the forum defendant rule is procedural or jurisdictional. Isn't that correct? Your Honor, actually there are two issues in this case, not only the forum defendant rule, but whether the district can be a person under the Federal Office of Removal statute. Okay, go at it. All right, thank you, Your Honor. Your Honor, the district does agree that the key issue that really a lot of case law is on, except for the Ninth Circuit, is whether the no local defendant rule is a jurisdictional or a non-jurisdictional issue. If it's non-jurisdictional. That's an open question in this circuit. It is an open question in this circuit, Your Honor. Eight other circuits have said it's procedural. That's correct. One circuit has said it's jurisdictional. That's correct, Your Honor, and I believe there are several district courts in this Ninth Circuit that have split on this issue. What is the answer? Your Honor, I believe the answer is that it is non-jurisdictional. Let me go through, in fact, the reasoning of the various Eighth Circuit, I'm sorry, the various Eighth Circuits that have discussed this issue, and I believe that reasoning is actually much more persuasive than perhaps the reasoning espoused by the Eighth Circuit in the Hurt case. To be specific, Your Honor, two circuits have considered the issue, the Third Circuit and the Sixth Circuit, as to whether removal of jurisdiction is essentially whether no jurisdiction is waivable. Two circuits have considered removal of jurisdiction to be really independent of original subject matter jurisdiction. In fact, this Ninth Circuit in the Morris case has held that removal of jurisdiction is waivable. On those grounds, Your Honor, I think the Ninth Circuit would fall in the same camp as perhaps the Third and Sixth Circuit in deciding that removal of jurisdiction is waivable. The Morris case, and I guess there's another one, too, I think called Spencer. Yes, Your Honor. Which would seem to suggest that at least those judges that have had this issue tangentially here in the Ninth Circuit might think that it was procedural. Yes, Your Honor, I agree. I would also point out that there's another Ninth Circuit case called Vasquez, which I cited in my briefs, that actually considered a different statute involving removal of jurisdiction. That was under 1445C, and the court also found that to be a procedural issue that could be waived by the parties. Going through the Third Circuit, I also actually, interestingly enough, analyzed the legislative history of the issue, whether the no local defendant rule is jurisdictional or not. Actually, it went back to the Removal Act of 1875, and determined even at that point that the no local defendant rule was one that could be waived. The Eleventh Circuit, actually, in the Snapper case, actually analyzed the legislative history up to the current day, and basically also decided that through analysis of legislative history, indeed, the most recent version, which removed the limitation of defect in the removal procedure and broadened it to be basically any defect other than subject matter jurisdiction, also decided that it confirmed its analysis that it would be a waivable defect. I would also point out, Your Honor, that the Seventh Circuit actually analyzed this issue also in the Hurley case, and basically based on two other reasons, apart from the reasons enunciated by the Sixth Circuit, the Third Circuit, and the Fifth Circuit, and the Eleventh Circuit, basically found that the Supreme Court is trending toward what it felt was basically treating defects in diversity jurisdiction to be curable, and so it felt based on that, as well as the policy underlying the local defendant rule, and that policy is to preserve plaintiff's choice of state form, which it felt that in this case, if you remove a plaintiff's right to waive it, they felt that also supported the argument that the no local defendant rule was simply non-jurisdictional and could be waived. Other than the procedure, is there any substantive federal question involved in this case? Yes, Your Honor, there is, and that's why I also pointed out that we had removed the case based upon the federal officer removal statute. This case involves the adoption of a federal consent decree, which had mandated that the plaintiff's right to waive it be unauthorized. We had argued that we were acting pursuant to a federal consent decree, which had mandated that the plaintiff's right to waive it be unauthorized. Of course, we don't even reach that if we agree with you on the form defended. That's correct, Your Honor. You don't need to reach that issue if you agree with me on the first issue. That's right. Apart from that, Your Honor, I do believe there is a need for Ninth Circuit clarity on this issue, simply because the district courts are split. Let me just clarify one thing for you, since the federal removal on the basis of a federal defendant is unique to your case. The Lively case doesn't have that issue. But wasn't that issue litigated between the very same party? It was, actually, Your Honor. And, in fact, in a prior case, the panel of this Court dismissed an appeal. Pursuant to 1447d, Your Honor. So isn't that issue sort of subject to issue preclusion? No, Your Honor. Why not? Simply because there is a key distinction factor between the two. In this case, Your Honor, the defendant did not timely move to remand the case. Why is that so? How does that make that different than the prior case? The three parties is basically the same issue. Your Honor, the merits of that case was never really decided. It simply precluded from the decision because of Section 1447d. Well, all those arguments could have been raised in another case, correct? In terms of 1447d, Your Honor? No. But the merits were not ever reached in this case. In fact, Your Honor, an earlier panel had reviewed the same arguments and basically said that the case could go forward. That decision was actually reversed later on. So there is basically a split in decision as to that. In fact, the underlying matter in that previous case, the district court actually found it to be properly removed to district court. Unfortunately, the district court, the district judge unfortunately died just before. Judge Huff. Judge Huff, yes. Right by the summary judgment motions. And Judge Otero later on reconsidered the motion and then remanded it back. But as Judge Wake said, you know, unless we were to determine that this is jurisdictional That's correct, Your Honor. We do not decide this issue of federal office. Who is the federal officer under whom the district is acting so as to trigger the federal officer removal statute? Your Honor, we would contend that it was federal, the judge, District Judge Huff. Basically his consent decree that required us to implement these rules. There's nothing in his consent decree that purported to determine the procedures under state law by which changes would be made, was there? No, but Your Honor, the plaintiff's complaint goes beyond simply just procedure. It does challenge the basic authority of the district to adopt the rules. Judge Huff did decide that. And that's a state law issue as well. That's not, well, Your Honor, we would contend that under the federal consent decree that we were required to basically adopt the rules. The consent decree convests a state officer, state official with more authority than they have under state law? Your Honor, the district had actually raised the issue of whether feasibility, if it precluded the district from adopting and implementing the state implementation plan, a federally enforceable plan, that perhaps we would be excused from that requirement. Judge Huff said that was not the case under the Clean Air Act. So is any agency implementing a state implementation plan acting under a federal officer for purposes of removal to federal court? Well, Your Honor, I think in this case it's not necessarily acting pursuant to the SIP, but it's also acting pursuant to a federal consent decree that makes it possible. So the fact that it's a SIP doesn't get you into federal court, there has to be a federal court consent decree. Is that your argument? Our argument is that the fact that the federal consent decree was there was basically acting under a federal officer. Safe in time for rebuttal? Thank you, Your Honor. Thank you. Counsel? Thank you. Good morning, Your Honors. I want to touch briefly on jurisdiction, because I think the issue came up in context. Tell the case recorder who you are. Jeff Margulies, Fulbright and Jaworski for Petitioner NPCA. The issue of jurisdiction is important, because 1447D says that you don't have jurisdiction as a court of appeals over a determination in the district court that the district court lacks subject matter jurisdiction. I think what Southcoast is trying to say, well, no, that wasn't really jurisdictional, that was wrong. Say the district court said, I'm not going to grant subject matter jurisdiction because I think diversity jurisdiction only can be invoked by people with blue eyes. Southcoast would say, well, clearly that's not a proper basis. That's really no different than what happened in this case. The issue was in front of the district court on the stay order, and he said, this is a jurisdictional order. So that's issue one. So if the district court erroneously labels an obviously procedural defect in removal as jurisdictional, that insulates it from review, correct? That particular question has never been answered by a court. What the courts have said is, if a court makes an order that lacks subject matter jurisdiction, even if clearly erroneous, it's not reviewable. Even if it's clearly procedural and it's erroneously called substantive. And I submit that that issue has never been answered in any way. Well, I think it was answered in the Korea Exchange Bank from the Third Circuit in 1995, where they upheld pellet jurisdiction to challenge a sua sponte remand. The issue there was whether the court could sua sponte remand after the 30 days. No, the first issue was whether the Court of Appeals had jurisdiction to consider that allegedly, and indeed in fact, erroneous decision. That is correct. So isn't that case at least dead against you as to a pellet jurisdiction to consider this question? I'm not sure that I agree that it is. How about the Shell Oil case from the Fifth Circuit in 1991? That was a mandamus case before the Quackenbush case said you could appeal them directly where they addressed the exact same substantive issues and granted mandamus relief because the district judge had erroneously determined that the foreign defendant rule was substantive rather than procedural. And I understand that that particular court had looked at the issue of whether there was diversity jurisdiction under the no local defendant rule was the same question as whether there was a pellet jurisdiction. So yes, that court did say that. And to the extent I – So you're – This circuit has not addressed the question. You're asking us to disagree with at least those circuits and some others when you say there is no pellet jurisdiction to correct this error if it is an error. And I apologize, Your Honor. There's no pellet jurisdiction in this circuit that's reached that point. Let me address two points. You would agree, though, wouldn't you, that we always have jurisdiction to decide whether we have jurisdiction? Absolutely. Absolutely. Two points that relate to that. Number one, the federal officer portion of this is not reviewable. Clearly under MESA California, federal officer jurisdiction statute is a – it's called a pure jurisdiction statute. So whether the district court correctly ruled or not is not reviewable. And there are cases in this circuit and elsewhere where there are two bases for remand and the court may review one and may not review the other. Was there a motion to remand in this case? There was a motion to remand. And let me explain a little bit. I think one of the issues that's come up, the early 1441B no local defending cases talked about a situation where the case proceeded to judgment or some action was taken, the plaintiff was unhappy with it and said, wait a minute, no local defendant can remove, send me back to state court, which was the same paradigm you had in Grubbs where the court said you can't – by going to jurisdiction. The later cases have taken that and then said, well, Grubbs applies any time beyond the 30 days. Any time. And here we had a petition filed on the 20th for removal of February. And a remand motion on March 30th. And I think there's a key difference here. And what Grubbs talked about is waiver. Okay? Does 30 days automatically waive it? What happened in this case was on the 20th of February there was an extant order from Judge Hupp saying that there was federal officer jurisdiction under the facts of the prior case, which were the same facts of this case. We had a new petition for removal. And had I moved to remand based just on diversity jurisdiction, well, the court might have said you're right within 30 days, but there's federal officer jurisdiction.  March 4th, two weeks after this motion or this removal petition is filed, the district – I'm sorry, Judge Otero issues his order saying Judge Hupp's order is reversed. There is no federal officer jurisdiction. Now, in my mind, there's no basis for jurisdiction under either prong. It's gone. I no longer have a futile basis for moving to remand. What was the date again? March 4th, 2004. And immediately thereafter we asked the district, will you voluntarily agree to send this case back to state court? The answer was no. We filed a motion on March 30th. In a case that came down from this circuit on the 26th of April called Durham v. Lockheed Martin, another panel looked at what I think is a mirror issue, which is removal. You have 30 days to remove a case once it's removable. And there, what happened was there was some discovery – the case was removable on a federal – one federal question grounds, but it required the consent of all defendants. The defendant didn't remove, thinking, I know that nobody's going to agree with this. I won't remove it. Interrogatory responses came out that revealed the federal officer removal statute. And Judge Kaczynski's opinion said the 30-day clock started again. It was futile to require removal. There was no basis for federal officer removal. So we're going to let the defendant remove once these new facts come to light. And under – whether 1441B is procedural or jurisdictional, there is no way it could have been waived by my client at the time the petition was filed for removal, because Judge Huff's order would have precluded us from relitigating. You could have filed it anyway, just for the record. Well, but, you know, Your Honor, I've got to – You do that all the time. Yeah, I guess I have a little bit of a problem with Rule 11 and why argue that I don't know why that would generate a Rule 11 saying. I mean, lawyers do that all the time. I want to preserve this issue. It's not been settled in the Ninth Circuit. I'm doing it because I want to protect myself. I get back to the question of Grubbs and waiver, though. And Grubbs, which is the latest Supreme Court announcement on the subject, does not go so far to say that mere lapse of 30 days is a waiver. Grubbs says you have to take some affirmative action. If you take it to trial, if you get a judgment, then we're going to measure jurisdiction by the time of removal. But the Supreme Court has never gone so far to say that 30 days and it automatically elapsed. In this case, though, as I recall, in this case, Judge – was it Judge – District Court Judge Klausner? Who was it? It was Judge Pregerson. Right. Yeah, this is Judge Pregerson. Judge Pregerson is the one who ended the order in this case. Yes. You know, we have – even as a question of, you know, should I have filed a motion, we have two rulemakings that are based on the same basic legal principles, the same basic facts, the same basic arguments that are consolidated in the state court to be determined together. Why would I – you know, what would be the purpose of seeking to split them apart when we have a ruling? And in the context of Grubbs and in the context of waiver, I submit that given the facts of this case and the ruling flip-flopping in the interim, I don't believe there was a waiver. Let me – I'd also like to very, very briefly address what I think is a – there's a suggestion in the AQMD's briefs about what we've conceded on controversy. There was no allegation in the removal petition of an amount in controversy. We've not conceded anything. There are still some subject matter jurisdiction issues here that were never raised by the removal. We haven't conceded that a writ of mandate against a state official is a civil action within the meeting of 1441 because I believe there's case law to support the theory that it's not. And we haven't conceded that this court, given that the Judge Otero's sent the first case back, that the district court shouldn't abstain from deciding these cases and let the case go back to state court. But does all that have to do with whether or not, you know, the local defendant rule is jurisdictional? You're right. It has nothing to do with that. I – there are other jurisdictional issues, and I don't agree. But we're only dealing – there's only certain issues that are raised here, correct? The district raised that issue in its brief and said that we did not concede, you know, we conceded subject matter. Well, they have to prevail on whether or not it's jurisdictional or procedural, correct? Pardon me? They have to – the district has to prevail, basically, that this is a procedural rule. Yes. Let me ask one last question. The argument you've made that the March 4 reverse or vacating of Judge Huff's order concerning federal officer removal, you're arguing that that resets the clock to zero for removal on the diversity question. Is that in your brief? No, Your Honor. It was something that, as I was going through the record and recalling what happened at the time that this was filed – Duran is a post-briefing case, isn't it? Pardon me? Duran v. Lucky Martin is post the briefs in this case? That case was filed last – it was two weeks – or a week ago. So it was something that I read the case, and in going through the record, I started thinking, you know, it sounds analogous at the very least. Duran is a case where there's two separate bases of removal, and one arose at a different time from the other. Correct. Correct. Whereas in this case, there are arguably two bases of removal, and they both arose at the same time, right? Well, that's correct. No, absolutely. The issue is when – what is waiver in the context of having a court rule on this in the other case. Okay. Thank you very much, Your Honor. In the future, when something like Duran happens, file a 28J letter. I apologize. That's all right. You don't have to apologize. Counsel? What say you to the restart the clock theory? Actually, Your Honor, the district did file a 28J letter pointing out the Duran case. And actually, the Duran case basically supports the district's position that the federal officer removal statute needs to be considered in a broader context than the normal removal statutes. But in terms of resetting clock, it reset the clock essentially for filing to remove a case, essentially. It speaks not to resetting the clock for the removed plaintiff to basically move for remand. So it doesn't deal with that issue. One other thing, Your Honor, the Grubbs case. Mr. Margulies really relies on the Grubbs case for pointing out that it didn't really provide any 30-day limit, or the police didn't speak to a 30-day limit on waivers. And actually, in the Grubbs case, Your Honor, it's a little bit unusual simply because removal was based on a federal question. It was not based on diversity. So there really was nothing for the removing plaintiff to really object to in terms of the diversity. The court just later discovered that because the federal question was not there, then it had to discern whether or not other bases of federal jurisdiction was there. They found diversity and basically found that basically there was a waiver simply because no one raised the issue. Okay. Thank you for your argument. And thank both sides for their arguments. Very interesting case to be submitted for decision. And I'll proceed to Lively v. Wild Oats.
judges: Hawkins, Paez, Wake